IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02177-CMA-RTG

CURTIS GUION, III,

    Plaintiff,

v.

ANDRE STANCIL,
LEWIS T. BABCOCK,
MICHEAL E. HEGARTY,
KARA D. LYONS,
DANIEL D. WILLIAMS,
LAROCHELLE GARDY, and
TOM HACKNEY,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Richard T. Gurley, United States Magistrate Judge**

    This matter comes before the Court on the amended Prisoner Complaint (ECF No. 8) filed *pro se* by Plaintiff Curtis Guion, III. Because Mr. Guion proceeds *pro se*, the Court liberally construes his filings, but will not act as an advocate. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). The matter has been referred to this Court for recommendation. (ECF No. 14).

    The Court has reviewed the filings to date, considered the entire case file, analyzed the applicable law, and is advised in the premises. For the reasons that follow,

it is respectfully recommended that the amended Prisoner Complaint and this action be dismissed.

## I.     BACKGROUND

Mr. Guion is a convicted and sentenced state prisoner incarcerated at the San Carlos Correctional Facility in Pueblo, Colorado. (ECF No. 8 at 2). He brings this action under 42 U.S.C. § 1983 against seven defendants. (*Id.* at 1-5). The defendants fall into several groups:

- Federal judges—Senior United States District Judge Lewis T. Babcock and Chief Magistrate Judge Michael E. Hegarty;
- Mr. Guion's past attorneys—Kara D. Lyon, Daniel D. Williams, and Tom Hackney;
- An employee of the Internal Revenue Service, Larochelle Gardy; and
- The Executive Director of the Colorado Department of Corrections, Andre Stancil.

(*Id.*). Each defendant is sued in both an individual and official capacity. (*Id.*).

The amended Prisoner Complaint presents three claims, which will be summarized below in more detail. In general, though, Mr. Guion's first claim relates to a 2016 settlement agreement that was reached in a previous case filed in the District of Colorado: *Guion v. CDOC, et. al.*, No. 14-cv-00391-LTB-MEH (D. Colo. 2014) (*Guion I*). That case ultimately resulted in a settlement between Mr. Guion and the CDOC. The second claim, although far from clear, alleges some sort of theft in relation to the

payment of taxes. (*Id.* at 7). Third, Mr. Guion alleges a claim of "mail fraud" against Andre Stancil. (*Id.* at 8).

As relief, Mr. Guion requests the following: "To (Uphold) the 2016 Decision (settlement) finally & to give me all of my money & release me from prison $100,000 zillion 10 million 2,000.00 in compensatory & nominal damages as was previously discussed, in 2016. Punitive damages as well."[1] (*Id.* at 10).

Mr. Guion's complaint should be dismissed for the reasons that follow.

## II.  DISCUSSION

The Court reviews a prisoner's complaint to determine whether any claims are appropriate for summary dismissal as frivolous or seek relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A; D.C.COLO.LCivR 8.1(b). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). A claim that is legally frivolous is one based on an indisputably meritless legal theory, such as infringement of a legal interest that clearly does not exist. *Id.* at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). There is considerable overlap between the standards for frivolousness and failure to state a claim and a claim that

---

[1] To the extent Mr. Guion requests release from prison, such relief may not be granted in this civil rights action. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

lacks an arguable basis in law is dismissible under both standards. *Neitzke*, 490 at 326, 328. Now the claims.

***Claim 1: Settlement Agreement.*** Claim 1 is titled "8th Amendment Cruel & Unusual Punishment & 14th Amendment Equal Protection of the Law Breech of Contract." (ECF No. 8 at 6 (no alterations made)). As support, Mr. Guion alleges the following: "Case No. 1:14-cv-00391 MEH LTB not being upheld by settlement & was indeed breeched. Settlement payment was not paid. ($2,000.00) was agreed upon & ($1853.23) was given to me of my own money from my (Trust Fund) of which I have no knowledge of how the defendants pay checks or account was paid to Plaintiff Curtis Guion." (*Id.* at 6).

The settlement agreement, however, was entered into, at the very latest, in January of 2016.[2] In his earlier case, Mr. Guion filed a "Motion for Breech of Contract" on December 13, 2021. *Guion I*, ECF No. 185. Attached to the motion was an unsigned draft copy of the settlement agreement and settlement check. *Id.* In a recommendation to deny the motion, Chief Magistrate Judge Hegarty wrote:

> Under Colorado law, claims sounding in contract are subject to a three-year statute of limitations. Colo. Rev. Stat. § 13-80-101(1)(a). The claim begins "to accrue on the date the breach is discovered or should have been discovered by the exercise of reasonable diligence." Colo. Rev. Stat.

---

2 Much of the information regarding the settlement agreement is taken from the court's own files and records in *Guion I*. *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000) (stating that the "court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record"); *see also Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013) (stating that, in assessing the contents of a complaint, a court may consider "documents referred to in and central to the complaint, when no party disputes its authenticity" and "matters of which a court may take judicial notice") (quotations and citations omitted).

> § 13-80-108(6). Plaintiff entered into the settlement agreement sometime in late 2015 or early 2016. ECF 179 (noting that counsel "did [his] settlement agreement in the year 2015–2016"); ECF 155 (stipulated motion to dismiss filed in January 2016). Plaintiff attached to his Motion a scan of a check issued to him by the State of Colorado in the amount of $1,853.23 dated January 5, 2016. ECF 182 at 4. If Plaintiff was expecting payment in the amount of $10 million, he likely was on notice in January 2016 that Defendant was in breach of the settlement agreement.

*Guion I*, ECF No. 187 at 3-4.

Based on the foregoing, it is clear that any claim for breach of the 2016 settlement agreement is untimely. A court may dismiss a claim *sua sponte* where the allegations "show that relief is barred by the applicable statute of limitations[.]" *Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1097 (10th Cir. 2009) (stating that a district court may *sua sponte* dismiss a prisoner's § 1983 action on statute-of-limitations grounds only if "it is clear from the face of the complaint that there are no meritorious tolling issues, or the court has provided the plaintiff notice and an opportunity to be heard on the issue").[3]

The facts giving rise to Mr. Guion's claims surrounding the settlement agreement were or should have been apparent to him in January of 2016. As early as January 6, 2016, Mr. Guion began filing letters stating that the "DOC defendants in this case have declined to pay me the agreed upon amount discussed on 11.12.15." *Guion 1*, ECF No. 150 at 1. On January 13, 2016, counsel for Mr. Guion filed a stipulated motion to

---

3 It is clear from the face of the complaint, and the Court's own files and records, that this claim is untimely and does not present meritorious tolling issues. Additionally, the recommendation issued in *Guion I* provided Mr. Guion notice of the timeliness issue, and although he has chosen to pursue the claim, he has not raised any facts in his complaint that would excuse the untimeliness. Finally, Mr. Guion may raise any meritorious tolling issues as part of his objections to this Recommendation.

dismiss the case, stating the "parties have agreed to a settlement of the claims brought by Plaintiff." *Guion I*, ECF No. 155 at 1. The next day, January 14, the Court entered an order dismissing the case pursuant to the stipulation. *Guion I*, ECF No. 157. These are both court filings that Mr. Guion would have received notice of, and there is no record of them ever being returned as undeliverable. *See id.* More than a year later, on March 9, 2017, Mr. Guion submitted a letter that again took issue with the settlement agreement, claiming that the "settlement was forced by the defendants in this case!" *Guion I*, ECF No. 158.

Whether a breach of contract claim accrued in January of 2016 based on the Mr. Guion's argument that the CDOC "declined to pay him the agreed upon amount," or even in March of 2017 when Mr. Guion began arguing that he had been coerced into the settlement, this action was not filed until **August 5, 2024**. Thus, the claim's factual backdrop clearly shows that it was filed well after the 3-year statute of limitations expired.

And insofar as Mr. Guion posits that the claimed breach of a settlement agreement amounts to a violation of the 8th or 14th Amendment, he does not cite, nor is the Court aware of, any authority to support such a claim. These theories thus lack an arguable basis in law and should be dismissed for this additional reason.

Next, to the extent this claim is asserted against Judges Babcock and Hegarty, judges are absolutely immune from liability in civil suits for actions taken in a judicial capacity unless acting in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502

U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt*, 17 F.3d at 1266-67. Mr. Guion does not allege any facts to show that either judge did anything other than issue rulings in his previous case. Judicial rulings, however, are within the core protection of judicial immunity. *Forrester v. White*, 484 U.S. 219, 226–27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits."). Therefore, Judge Bakke is immune from suit in her individual capacity.

The extent to which Mr. Guion sues Judges Babcock and Hegarty in an official capacity, such claims are barred by sovereign immunity as they are simply claims against the United States. Yet "[i]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

Finally, this claim is brought against several private attorneys—Kara D. Lyon, Daniel D. Williams, and Tom Hackney. Mr. Guion may not sue these defendants in a § 1983 action because attorneys, whether court-appointed or privately retained, performing the traditional role of attorney for a litigant in a court proceeding are not deemed to act under color of state law. Such attorneys represent their client only, not the state, and cannot be sued in a § 1983 action. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994). The lack of state action by these defendants furnishes an additional reason for dismissal.

Claim 1 should therefore be dismissed for all these reasons.

**Claim 2: "Theft."**  Mr. Guion's second claim is titled "8th Amendment Cruel & Unusual Punishment 14th Amendment Equal Protection of the Laws: Conspiracy & Failure to Protect from Theft." (ECF No. 8 at 7). The claim is asserted against "Larochelle Gardy," who is only identified as an employee of the Internal Revenue Service. (*Id.* at 4). The supporting allegations state that since Mr. Guion has "been incarcerated for the past 20 years that the I.R.S." has been "letting unlicensed people" defer his tax payments, and that "other people have been cashing in on his taxes." (*Id.*). Mr. Guion also quarrels with the IRS's conclusion that there is no merit to his "incorporation and partnership" with Donald J. Trump. (*Id.*). Mr. Guion claims that his "TradeMark is (Curtis Guion III Incorporated) (& Donald J. Trump) pin number to [his] Incorporation is (422282)[.]" (*Id.*).

Mr. Guion's second claim doesn't include a short and plain statement of facts showing an entitlement to relief. Mr. Guion fails to allege in a clear, concise, and organized manner what Ms. Gardy did to Mr. Guion, when Ms. Gardy did it, how Ms. Gardy's action (or inaction) harmed him, how Ms. Gardy violated his federal rights, and what relief he seeks on this claim. *See Porro v. Barnes*, 624 F.3d 1322, 1325 (10th Cir. 2010) ("Our first task in any § 1983 suit alleging a constitutional violation is to isolate the precise constitutional violation with which the defendant is charged.") (cleaned up); *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) (holding that active-voice yet undifferentiated allegations that "the defendants" infringed a plaintiff's rights are

8

insufficient to plead personal participation). Ultimately, Mr. Guion doesn't allege well-pled facts to show how Ms. Gardy personally participated in violating his federal rights. To the extent Ms. Gardy is sued in an official capacity, the claim is barred by sovereign immunity. *Mitchell*, 463 U.S. at 212. As such, the second claim does not meet the pleading standard imposed by Rule 8. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (internal quotations and citations omitted); *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (holding that a plaintiff makes a complaint unintelligible "by scattering and concealing in a morass of irrelevancies the few allegations that matter").

     ***Claim 3: "Mail Fraud."*** Mr. Guion's third and final claim is titled as follows: "8th Amendment Cruel & Unusual Punishment, 14th Amendment Equal Protection of the laws. Mail Fraud." (ECF No. 8 at 8). The claim is asserted against Andre Stancil and "C.O. Brown." (*Id.*). "C.O. Brown" is not a named defendant in this case. In any event, the supporting allegations, in relevant part, state the following: "Since 2015 2016 I've been to 4 other facilities aside from Colorado State Penitentiary. At current I'm almost positive that (mail) (fraud) still continues & especially where money is concerned with mail coming into the facility for me from places like (The Department of Revenue), (The Internal Revenue Service), & (Financial Aid). All of this gets stolen from me!" (*Id.* (no alterations made)).

Like Claim 2, Mr. Guion's third claim doesn't include a short and plain statement of facts showing an entitlement to relief. Mr. Guion fails to allege in a clear, concise, and organized manner what any named defendant did to Mr. Guion, when the defendant did it, how the defendant's action (or inaction) harmed him, how the defendant violated his federal rights, and what relief he seeks on this claim. *See Porro*, 624 F.3d at 1325 ("Our first task in any § 1983 suit alleging a constitutional violation is to isolate the precise constitutional violation with which the defendant is charged.") (cleaned up); *Pahls*, 718 F.3d at 1225 (holding that active-voice yet undifferentiated allegations that "the defendants" infringed a plaintiff's rights are insufficient to plead personal participation). As such, the third claim does not meet the pleading standard imposed by Rule 8.

### III.   RECOMMENDATION

For these reasons, it is respectfully recommended that:

- Claim 1 be **dismissed** as untimely and for failure to allege an arguable basis in law pursuant to 28 U.S.C. § 1915(e)(2)(B);

- Claim 1, to the extent it is asserted against Judges Babcock and Hegarty, be **dismissed without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) because the claim seeks monetary relief against defendants who are immune from such relief; and

- Claims 2 and 3 be **dismissed without prejudice** for failure to comply with Rule 8; and

- the amended Prisoner Complaint (ECF No. 8) and this action be dismissed as

stated herein.[4]

DATED September 9, 2024.

BY THE COURT:

*Richard T. Gurley*

Richard T. Gurley
United States Magistrate Judge

---

[4] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).