IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02177-CMA-RTG

CURTIS GUION, III,

    Plaintiff,

v.

ANDRE STANCIL,
LEWIS T. BABCOCK,
MICHEAL E. HEGARTY,
KARA D. LYONS,
DANIEL D. WILLIAMS,
LAROCHELLE GARDY, and
TOM HACKNEY,

    Defendants.

**ORDER ON RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE DATED SEPTEMBER 9, 2024**

    This matter is before the Court on the Recommendation of United States Magistrate Judge filed September 9, 2024. (Doc. # 15). The Recommendation states that any objection to the Recommendation must be filed within fourteen days after its service. *See* 28 U.S.C. § 636(b)(1)(C).

    On September 26, 2024, Plaintiff filed a document titled "Motion: Response to Courts Recommendations to Dismiss Curtis Guion III's Claims & to Reconsider Case No. 1:24-cv-02177-CMA-RTG," which the Court liberally construes as written objections to the Recommendation. (Doc. # 19). To the extent Plaintiff's filing attempts to add

1

allegations, supplement his pleading, or expound on claims the Recommendation found deficient, Plaintiff may not augment his pleading by adding factual allegations or legal theories through objections to the Recommendation. *See Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995) (holding that a court is limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint); *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

Similarly, nothing in Plaintiff's filing points to a specific factual or legal error in the Recommendation. *See* Fed. R. Civ. P. 72(b)(2); *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (holding that objections must "focus attention on those issues—factual and legal—that are at the heart of the parties' dispute"). Because Plaintiff does not raise a specific objection to the Recommendation, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted). In reviewing the Recommendation, the Court finds no error and concludes that the amended Prisoner Complaint and this action should be dismissed for the reasons stated therein. As such, Plaintiff's written objections will be overruled.

Finally, the Court finds that Plaintiff's amended Prisoner Complaint should be dismissed with prejudice. Plaintiff has already amended his pleading once as a matter of course (*see* Doc. Nos. 1, 8), so amendment may be made only with the consent of the opposing parties or leave of court. Defendants have not been served, and thus

cannot consent to a further amendment of Plaintiff's pleading. Nonetheless, dismissal of a *pro se* complaint is proper "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001). It is obvious that Plaintiff cannot prevail on the facts he has alleged in this case.

Claim 1 is clearly time-barred. Plaintiff does not point to any facts that would serve as a basis for tolling the statute of limitations. Therefore, amendment of the pleading won't save this untimely claim.

Claim 2 alleges that since Plaintiff has "been incarcerated for the past 20 years that the I.R.S." has been "letting unlicensed people" defer his tax payments, and that "other people have been cashing in on his taxes." (Doc. No. 8 at 4). Plaintiff also takes issue with the IRS's conclusion that there is no merit to his "incorporation and partnership" with Donald J. Trump. (*Id.*). He claims that his "TradeMark is (Curtis Guion III Incorporated) (& Donald J. Trump) pin number to [his] Incorporation is (422282)[.]" (*Id.*). But these factual allegations are delusional and wholly incredible. It is obvious that Plaintiff will not succeed on a claim premised on frivolous facts.

Claim 3 asserts a "mail fraud conspiracy," suggesting that money from the IRS and Department of Revenue is being stolen from him. Like his second claim, these factual allegations are delusional and wholly incredible. It is obvious that Plaintiff will not succeed on these frivolous facts.

Accordingly, it is

ORDERED that the "Motion: Response to Courts Recommendations to Dismiss Curtis Guion III's Claims & to Reconsider Case No. 1:24-cv-02177-CMA-RTG," (Doc. # 19), which is construed as written objections to the Recommendation, are OVERRULED for the reasons stated above. It is

FURTHER ORDERED that the Recommendation of United States Magistrate Judge (Doc. # 15) is ACCEPTED and ADOPTED. It is

FURTHER ORDERED that the Amended Prisoner Complaint (Doc. # 8) and this action are DISMISSED WITH PREJUDICE for the reasons discussed above. It is

FURTHER ORDERED that Plaintiff's Motion to Request Court Appointed Counse (Doc. # 17) is DENIED as moot. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is DENIED WITHOUT PREJUDICE to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

DATED October 8, 2024.

BY THE COURT:

*Christine M Arguello*
CHRISTINE M. ARGUELLO
Senior United States District Judge